# UNITED STATES DISTRICT COURT
## Eastern District of New York

| | |
|---|---|
| Dr. David Schwartz,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>The City of New York and<br>Lorelei Salas, in her official capacity as<br>Commissioner of the Department of<br>Consumer Affairs,<br>　　　　　　　　　Defendants. | Case No.: 1:19-CV-463-RJD-ST<br><br>PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION<br><br>Oral Argument Requested |

Please take notice that as soon as the matter may be heard before the Honorable Judge Raymond J. Dearie, Plaintiff Dr. David Schwartz will and hereby does move this Court for a preliminary injunction pursuant to Federal Rules of Civil Procedure 65. Oral argument will be held on a date and at a time to be designated by this Court. Specifically, Dr. Schwartz, a practicing psychotherapist, requests that this Court preliminarily enjoin Defendants, The City of New York and Lorelei Salas in her official capacity as Commissioner of the Department of Consumer Affairs, from enforcing Law Number 2018/22 of the City of New York ("the Counseling Censorship Law") against him pending entry of a final order in this case. This order is needed because the Counseling Censorship Law censors private conversations between a therapist and his patient in violation of the rights of both Dr. Schwartz and his patients secured under the First and Fourteenth Amendments of the U.S. Constitution.

As is detailed in the accompanying memorandum of law and supporting declarations and exhibits, the Counseling Censorship Law violates the free speech

1

and free exercise rights of Dr. Schwartz and his clients and is so vague that it violates Dr. Schwartz's right to due process. Because the violation of Dr. Schwartz's First Amendment rights constitutes irreparable harm and Dr. Schwartz demonstrates a likelihood of success in establishing a First Amendment violation, no separate "balance of harms" analysis is necessary to conclude that a preliminary injunction should issue. Further, the City has no cognizable interest in preventing the harms from ideas to citizens that the Counseling Censorship Law purports to avert.

For the reasons set forth above and detailed in the accompanying papers, Dr. Schwartz respectfully requests that this Court issue a preliminary injunction prohibiting Defendants from taking or threatening any enforcement action against him under the Counseling Censorship Law pending entry of a final order in this case.

Respectfully submitted this 19th day of February, 2019.

| | |
|---|---|
| | s/Roger G. Brooks |
| Barry Black | Roger G. Brooks |
| NELSON MADDEN BLACK LLP | Jeffrey A. Shafer |
| The French Building | Jeana J. Hallock* |
| 551 Fifth Ave., 31st Floor, | ALLIANCE DEFENDING FREEDOM |
| New York, NY 10176 | 15100 N. 90th Street |
| 212-382-4300 (T) | Scottsdale, AZ 85260 |
| | 480-444-0020 (T) |
| | 480-444-0028 (F) |
| | rbrooks@adflegal.org |
| | jshafer@adflegal.org |
| | jhallock@adflegal.org |
| | *Admitted *Pro Hac Vice* |
| | Attorneys for Plaintiff |

2