WILMERHALE

September 26, 2019

**Alan E. Schoenfeld**

+1 212 937 7294 (t)
+1 212 230 8888 (f)
alan.schoenfeld@wilmerhale.com

**VIA ECF**

The Honorable Raymond J. Dearie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re:  *Schwartz v. City of New York et al.*, No. 1:19-cv-00463

Dear Judge Dearie,

I write on behalf of the City of New York and Commissioner Salas ("Defendants"), pursuant to the Court's September 19, 2019 order and in response to Plaintiff's letter dated September 20, 2019 [Dkt. 33].

On September 12, 2019, City Council Speaker Johnson introduced legislation with the effect of immediately repealing subchapter 19 of chapter 5 of title 20 of the Administrative Code, which contains Local Law 22, the ordinance at issue in this lawsuit. Yesterday afternoon, the Council approved that repeal bill, by a vote of 45 to 0. The Mayor now has thirty days from this approval to either sign the bill into law or use his veto power. If no action is taken by the Mayor, the bill will become law at the end of the thirty days. *See* N.Y.C. Charter § 37.

Defendants respectfully suggest that the Court defer decision on Plaintiff's pending motion for a preliminary injunction [Dkt. 23] (the "PI Motion") until these legislative proceedings have concluded and the repeal bill has become law. At that point, the PI Motion (along with Plaintiff's requests for declaratory and injunctive relief) will become moot, and the pending motion should be denied. *See Diffenderfer v. Cent. Baptist Church of Miami, Fla., Inc.*, 404 U.S. 412, 415 (1972) (per curiam) (requests for equitable relief from Florida statute became "inappropriate" and moot after Florida Legislature's repeal of statute); *Lamar Advert. of Penn, LLC v. Town of Orchard Park*, 356 F.3d 365, 375-79 (2d Cir. 2004) (Sotomayor, J.) (affirming dismissal of claims mooted by town's repeal of relevant ordinance).[1] Courts "routinely" find constitutional claims moot when the challenged law is amended or repealed in a manner that obviates the requested equitable relief—and find those claims unripe for decision where, as here,

---

[1]  Plaintiff's letter alludes to the "voluntary cessation" doctrine, but that doctrine is inapplicable here. As in *Lamar Advertising*, nothing in the record suggests that the Council might foreseeably reinstate Local Law 22, or any substantially similar ordinance, regardless of the outcome of this lawsuit. *Compare Lamar Advert.*, 356 F.3d at 375-77 (finding claims moot after repeal, in "deference [to] the legislative body" and in the absence of "evidence that the defendant intends to reinstate the challenged statute after the litigation is dismissed"), *with, e.g.*, *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 & n.11 (1982) (proceeding to merits of claims because City had announced intention to "reenact[] precisely the same provision if the District Court's judgment were vacated").

WilmerHale

The Honorable Raymond J. Dearie
September 26, 2019
Page 2

proposed legislation of that nature is pending.  *Harrison & Burrowes Bridge Constructors, Inc. v. Cuomo*, 981 F.2d 50, 61 (2d Cir. 1992); *cf. Young Advocates for Fair Educ. v. Cuomo*, 359 F. Supp. 3d 215, 229 (E.D.N.Y. 2019) (discussing the importance of avoiding "premature adjudication" of constitutional questions in the absence of a live case or controversy, "so that the Court does not decide the matter based on fears that do not come to pass").

Defendants agree with Plaintiff that, insofar as the claims set forth in the Complaint seek damages, the claims will not necessarily be mooted by a repeal of Local Law 22.[2]  But the damages claims would be no barrier to denying as moot a PI Motion that seeks only equitable relief no longer within the Court's power to give.  *See Williams v. City of New York*, No. 17 CV 2303 (RJD) (SMG), 2018 WL 1785486 (E.D.N.Y. Apr. 13, 2018) (denying motion for preliminary injunction, despite surviving damages claim, because prison officials had already discontinued "cross-touring" staffing practice challenged by plaintiff); *Brown v. City of New York*, No. 09 CV 1809 (RJD) (MG), 2010 WL 60914 (E.D.N.Y. Jan. 8, 2010) (denying motion for preliminary injunction, despite surviving damages claim, because police had already granted requested relief by removing alarm and stolen-car report from plaintiff's vehicle).  Defendants reserve all rights with respect to Plaintiff's claim for damages, including the right to seek dismissal.  If the Court denies the PI Motion, Defendants intend to promptly submit a letter, pursuant to the Court's Rule III(A), outlining Defendants' arguments for dismissal of the Complaint and requesting a pre-motion conference.

Respectfully submitted,

*/s/ Alan E. Schoenfeld*

Alan E. Schoenfeld

---

[2]  Although Plaintiff is correct that he might be entitled to attorney's fees if the Court, "in its discretion," were to find him a "prevailing party" in this action, 42 U.S.C. § 1988(b), that potential "interest in attorney's fees is, of course, insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim."  *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 480 (1990).  Moreover, because the Complaint's allegations make clear that Plaintiff is not entitled to anything more than nominal damages, he is unlikely to recover fees under § 1988(b) in any event.  *See Farrar v. Hobby*, 506 U.S. 103, 115 (1992) ("When a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all." (citation omitted)).