

December 11, 2019

*<u>Via Electronic Filing</u>*

The Honorable Raymond J. Dearie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Schwartz v. City of New York et al.,* No. 1:19-cv-463

Your Honor:

    The City's hurried repeal of Public Law 22 reflected a strategic decision to dodge a judicial ruling that would potentially establish precedent protecting First Amendment rights against censorship disguised as medical regulation, while also entitling Dr. Schwartz to an award of attorneys' fees. The City's proposed motion to dismiss represents step two of that plan. For the reasons sketched below, that motion would not be meritorious.

    I.    <u>Mootness</u>

    In its letter to the Court dated September 26, 2019, the City stated, "insofar as the claims set forth in the Complaint seek damages, the claims will not necessarily be mooted by a repeal of Local Law 22." The City was correct. Section 1983 expressly provides for the award of nominal damages as a vindication of rights when actual damages cannot be proven. "Plaintiffs may recover nominal damages under § 1983 in the absence of proof of actual injury." *Diesel v. Town of Lewisboro*, 232 F.3d 92, 108 (2d Cir. 2000). "Indeed, . . . it is error for courts not to award nominal damages in § 1983 actions where a constitutional violation is established." *Dawes v. Walker*, 239 F.3d 489, 497 (2d Cir. 2001). Damages, whether actual or nominal, are almost always associated with past conduct and injury; the subsequent repeal of the law cannot unring that bell. As a result, the Second Circuit has stated that if a claim for nominal damages is made as part of a Section 1983 action, cessation of the violation does not moot the claim. *Van Wie v. Pataki*, 267 F.3d 109, 115 n. 4 (2d Cir. 2001). The City simply ignores this controlling authority, instead citing cases that did not involve claims for nominal damages under § 1983.

    Even apart from Plaintiff's claim for nominal damages, there is a serious argument that where an unconstitutional law is repealed tactically, "for the deliberate purpose of evading a possible adverse decision," *R. C. Bigelow, Inc. v.*

*Unilever N.V.*, 867 F.2d 102, 106 (2d Cir. 1989), this does not moot a request for injunctive protection to preclude a renewed violation in the future. There is no doubt that a desire to evade an adverse decision was the *sole* reason that the City Council repealed Local Law 22; the Chair of the Council's Committee on Civil and Human Rights said so expressly at the Committee meeting that proposed the repeal. (*See* Transcript of Sept. 24, 2019, Committee Hearing, attached as Exhibit A hereto, at p. 3.) And legislative leaders said the same to the press. (*See* Washington Post article dated September 13, 2019, attached as Exhibit B hereto.)

The Second Circuit has suggested that the burden of establishing lack of risk of recurrence is somewhat lower when the defendant is the government and the challenged law is repealed, but the Circuit has not flipped the burden of proof on that question to the plaintiff. *See Lamar Advert. of Penn, LLC v. Town of Orchard Park*, 356 F.3d 365, 375-377 (2d Cir. 2004). Indeed, the case of *Harrison & Burrowes Bridge Constructors, Inc. v. Cuomo*, 981 F.2d 50 (2d Cir. 1992), on which the City heavily relies, makes clear that this lightened burden assumes good faith in the repeal. In that case, the Court emphasized that "[w]e do not adopt appellants' characterization of the emergency regulation as a last-minute attempt to evade federal court jurisdiction." *Id.* at 59. Here, in sharp contrast, the City has publicly proclaimed *exactly* that evasive goal, bemoaning what it sees as a currently unfavorable makeup of the Supreme Court and Second Circuit, and reasserting its belief in the merits of Public Law 22 even while repealing it. (*See* Exhibits A and B.) On that record, the situation fits the rule in *R. C. Bigelow* quoted above, the case should not be considered moot, and a ruling will serve an important function in protecting citizen's rights going forward.

The Supreme Court has stated that "It is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *City of Mesquite v. Aladdin's Castle, Inc.,* 455 U.S. 283, 289 (1982). The only exception to this rule is if the defendant demonstrates it is "absolutely clear" that the practice "could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Environmental Services*, 528 U.S. 167, 189 (2000). "[T]he party asserting mootness" bears a "heavy burden." *Id.* In applying this standard, the Supreme Court has not distinguished between governmental and private defendants. In *City of Mesquite,* for instance, the defendant city "repeal[ed] the objectionable language" in an ordinance after a district court held the ordinance unconstitutional; nonetheless, the court held the case was not moot because there was "no certainty" that the city would not "reenact[] precisely the same provision if the District Court's judgment were vacated." 455 U.S. at 289.[1] Presumably, we will soon have an authoritative word from the Supreme Court on the standard governing claims of mootness based on

---

[1] The bulk of the discussion in this paragraph is taken from an amicus brief filed by the Becket Fund for Religious Liberty in the matter *New York State Rifle & Pistol Association v. City of New York*, now pending before the Supreme Court. That brief may be found at 2019 WL 3545854.

legislative repeal in the closely analogous *New York State Rifle & Pistol Association* matter now pending before that court.

II. <u>Standing</u>

The City's discussion of standing likewise ignores the most relevant authorities. Standing rules are "somewhat relaxed" in the case of First Amendment claims, lest citizens be put to the "unattractive" choice of "refraining from activity they believe the First Amendment protects, or risk civil or criminal penalties for violating the challenged law." *National Organization for Marriage, Inc. v. Walsh*, 714 F.3d 682, 689 (2d Cir. 2013). The City argues that no enforcement action was taken against Dr. Schwartz; this is true but does not negate standing and ripeness. In the seminal case of *Virginia v. American Booksellers Ass'n, Inc.*, 484 U.S. 383 (1988), the Supreme Court wrote, "We are not troubled by the pre-enforcement nature of this suit. The State has not suggested that the newly enacted law will not be enforced, and we see no reason to assume otherwise." *Id.* at 393.

Here, similarly, Dr. Schwartz's lawsuit was filed, "[s]hortly after [the law's] enactment." (See, Exhibit B, Statement of Chairman Eugene, 9/24/19 Committee Hearing Tr at 3.) And here, the City positively *assured* the public that this newly enacted law *would* be enforced, actively soliciting anonymous informants through a City-posted web page, stating that DCA "*will* investigate" even anonymous complaints, and publicly threatening "fines up to . . . $10,000 for each future violation." (*See* extracts from Department of Consumer Affairs web page, attached as Exhibit C hereto.) This aggressive publicizing of the new law and penalties by the City was more than enough to chill Dr. Schwartz with a "well-founded fear that the law [would] be enforced against [him]." *National Organization for Marriage*, 714 F.3d at 689, quoting *American Booksellers*, 484 U.S. at 393. Nor, up to the time the law was repealed, did the City ever represent to the Court or to Dr. Schwartz that the law would *not* be enforced against him. We believe that in no case has this type of active threat of enforcement been found inadequate to support standing and ripeness for a First Amendment challenge.

For these reasons, Dr. Schwartz respectfully submits that the City's proposed motion to dismiss will not be a productive use of the time of the Court or the parties.

        Respectfully submitted,

        <u>*s/Roger G. Brooks*</u>
        Roger G. Brooks, NY Bar No. 2260537
        Alliance Defending Freedom
        15100 N. 90th Street
        Scottsdale, AZ 85260
        (480) 444-0020
        rbrooks@ADFlegal.org
        *Attorney for Plaintiff Dr. Dovid Schwartz*