UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

DR. DAVID SCHWARTZ,

                              Plaintiff,

                 -against-                      **STIPULATION OF SETTLEMENT**

THE CITY OF NEW YORK and LORELEI SALAS, in      19-CV-643 (RJD)
her official capacity as Commissioner of the Department of
Consumer Affairs,

                              Defendants.

------------------------------------------------------------------------ x

        **THIS STIPULATION OF SETTLEMENT,** (hereinafter the "Settlement Agreement") is entered into by and between the Plaintiff Dr. David Schwartz and counsel representing Dr. Schwartz on the one hand, and the City of New York and Lorelei Salas, in her official capacity as Commissioner of the Department of Consumer Affairs[1] (collectively, "Defendants"), on the other hand.

        **WHEREAS**, Plaintiff commenced the instant action (the "Litigation") challenging Local Law 22 of 2018, codified at New York City Administrative Code §§ 20-824 – 20-827;

        **WHEREAS**, on September 25, 2019, the New York City Council voted to repeal the challenged provisions of the New York City Administrative Code, and such repeal became law on October 26, 2019;

---

[1] In January 2019, the New York City Department of Consumer Affairs was renamed the New York City Department of Consumer and Worker Protection.

**WHEREAS**, Plaintiff asserts that his constitutional rights were violated by Defendants, and asserts a right to recover at least nominal damages in recognition of those violations;

**WHEREAS**, Defendants deny any and all liability arising out of Plaintiff's allegations and claims in the instant action; and

**WHEREAS**, the parties now desire to resolve the instant action and the issue of attorneys' fees, expenses, and costs without further proceedings and without admitting any fault or liability;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

1. The Action shall be dismissed with prejudice, and without award to either party of damages, costs, expenses or fees in excess of the amounts specified in paragraph 3 of this Stipulation and Order.

2. Within three (3) business days of the execution of this Settlement Agreement, Plaintiff shall file this Settlement agreement, and the Stipulated Order of Dismissal in the form attached as **Exhibit A** hereto.

3. The City of New York hereby agrees to pay the attorneys' fees and expenses of Plaintiff's counsel in the amount of One Hundred Thousand ($100,000.00) U.S. Dollars (the "Settlement Amount") in full and final satisfaction of any and all claims and rights to damages arising from the acts and omissions that were alleged or asserted in the action, including any and all claims for attorneys' fees, expenses, and costs.

4. Payment of the Settlement Amount shall be made by a check made payable to Alliance Defending Freedom, and mailed to Alliance Defending Freedom, Attn. Ms. Amanda

Rossiter, 15100 N. 90th St., Scottsdale, Arizona 85260, within 90 days of the entry by the court of an order dismissing the Litigation.

5. In consideration for the payment of the Settlement Amount and effective upon receipt of the Settlement Amount by Alliance Defending Freedom, Plaintiff shall forever release and discharge the City of New York, as well as its departments and subdivisions, and, in her official capacity Commissioner Lorelei Salas, as well as her successors or assigns, and all past and present officials, employees, representatives, and agents of the City of New York, from any and all actions, causes of action, suits, debts, sums of money, damages, claims and demands, in law and equity, arising from the acts and omissions that were, or could have been, alleged or asserted in the action, including any and all claims for attorneys' fees, expenses, and costs.

6. In consideration of this Settlement Agreement, Defendants do hereby release and discharge Plaintiff from all manner of actions or causes of action, suit, debts, damages, sums of money or claims of any kind which they had, now have, or may in the future claim to have, arising out of the subject matter of the Litigation.

7. Attached as **Exhibit B** hereto is an executed general release from Plaintiff.

8. Attached as **Exhibit C** hereto is an executed general release from the Alliance Defending Freedom.

9. Attached as **Exhibit D** hereto is an executed general release from the law firm of Nelson Madden Black, LLP.

10. Counsel for Plaintiff hereby agree and represent that no other claims for attorneys' fees, expenses, or costs arising out of the action shall be made by or on behalf of plaintiff in any application for attorneys' fees, expenses, or costs at any time.

11. Attached as **Exhibit E** hereto is an "Affidavit of No Liens" executed by Plaintiff.

12. Attached as **Exhibit F** hereto are "W-9" forms executed by Plaintiff's counsel.

13. This Settlement Agreement represents a compromise, and is not to be construed as an admission by the City of New York, as well as its departments and subdivisions, or by Commissioner Lorelei Salas in her official capacity, as well as her successors or assigns, and all past and present officials, employees, representatives, and agents of the City of New York, that they (a) have in any manner or way violated Plaintiff's rights, the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, and the City of New York, or any other applicable law, rule or regulation, or (b) are in any way liable for any and all actions, causes of action, suits, debts, sums of money, damages, claims and demands, in law and equity, that were, or could have been, alleged or asserted in the action.

14. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any of its subdivisions.

15. This Settlement Agreement, and the settlement it represents, shall not be admissible in, nor is it related to, any other proceeding, litigation or settlement negotiations, except to enforce the terms of this Stipulation and Order. Nothing in this Settlement Agreement shall be construed to waive Plaintiff's or Defendants' right to enforce any provision of this Settlement Agreement.

16. This Settlement Agreement contains all the terms and conditions agreed upon by the parties, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the action or of attorneys' fees, expenses, or costs shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

17. The parties have reviewed and revised this Settlement Agreement, and any rule of construction, by which any ambiguities are to be resolved against the drafting party, shall not be applied in the interpretation of this Stipulation and Order.

18. This Settlement Agreement may be executed in counterparts, and scanned and/or facsimile signatures by the undersigned shall constitute original signatures.

Dated: New York, New York

June 22, 2020

Dr. David Schwartz, Plaintiff

ALLIANCE DEFENDING FREEDOM
Attorney for Plaintiff
15100 N. 90th Street
Scottsdale, Arizona 85260
Tel: 480-444-0020

By: _____
Roger G. Brooks

NELSON MADDEN BLACK LLP
Attorney for Plaintiff
475 Park Avenue South
Suite 2800
New York, New York 10022
Tel: 212-382-4300

By: _____
Barry Black

JAMES E. JOHNSON
Corporation Counsel of the
  City of New York
Counsel for Defendants
100 Church Street
New York, New York 10007
Tel: 212-356-2199

By: _____  7/5/2020
Michelle Goldberg-Cahn
Assistant Corporation Counsel